J. Nelson Thomas (to be admitted *pro hac vice*)
Michael J. Lingle (to be admitted *pro hac vice*)
Jessica L. Lukasiewicz (to be admitted *pro hac vice*)
Jonathan W. Ferris (to be admitted *pro hac vice*)
THOMAS & SOLOMON LLP
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540
nthomas@theemploymentattorneys.com
mlingle@theemploymentattorneys.com
jlukasiewicz@theemploymentattorneys.com
jferris@theemploymentattorneys.com

Adam B. Wolf (Bar No. 215914)
PEIFFER WOLF CARR & KANE
A PROFESSIONAL LAW CORPORATION
5042 Wilshire Blvd., No. 304
Los Angeles, CA  90036
Telephone: (415) 766-3545
awolf@pwcklegal.com

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KYSHA DREW AND JEANNIE JONES,** *individually and as representatives of the class,*<br><br><br>*Plaintiffs,*<br><br><br><br>*v.*<br><br>**THE VONS COMPANIES, INC., VONS SHERMAN OAKS, LLC, SAFEWAY SOUTHERN CALIFORNIA, INC., SAFEWAY LEASING, INC., AND SAFEWAY, INC.,**<br><br>*Defendants.* | **CLASS ACTION COMPLAINT**<br><br>Civil Action No. _____<br><br>(1)  Violation of 15 U.S.C. § 1681b(b)(2)(A)(i) (Fair Credit Reporting Act); and<br><br>(2)  Violation of California Civil Code  § 1786 *et seq.* (Investigative Consumer Reporting Agencies Act)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Kysha Drew and Jeannie Jones, on behalf of themselves and the proposed class set forth below ("Plaintiffs"), by and through their attorneys, Thomas & Solomon LLP, bring this class action complaint against The Vons Companies, Inc., Vons Sherman Oaks, LLC, Safeway Southern California, Inc., Safeway Leasing, Inc., and Safeway, Inc. (referred to as "Vons" or "Defendants").

## INTRODUCTION

1.      This putative class action is brought pursuant to the Fair Credit Reporting Act ("FCRA") and applicable California laws. Defendants routinely violated the FCRA's core protections by procuring or causing to be procured consumer and/or investigative consumer reports, as those terms are defined by the FCRA (herein referred to collectively as "background report(s)" or "consumer report(s)"), on employees and job applicants without making a legally required stand-alone disclosure.

2.      Using the services of a third party, Vons routinely obtains and relies on the information in the consumer report to evaluate prospective and current employees.

3.      Given the determinative role that consumer reports can play regarding an applicant's employment prospects, employers are required to ensure that all applicants are aware of the employer's intention to procure a background check.

4.      Specifically, the FCRA provides that an employer or prospective employer cannot "procure, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless . . . a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure,* that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis added).

5.    Courts have held that the FCRA's standalone disclosure allows only for the authorization for the procurement of a consumer report. Inclusion in the disclosure of any additional information is a willful violation of the FCRA.  *See Syed v. M-I, LLC*, 853 F.3d 492, 501 (9th Cir. 2017).

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question.

7.    Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' state law claims because the state law claims are so related to the FCRA claims that they form part of the same case or controversy.

8.    Venue is proper in this district because Defendants transacts business in this district; Plaintiffs Drew applied for a job in this district; a substantial part of the events or omissions giving rise to the claims took place in this district (including the completing of Defendants' employment applications in this district); and Plaintiff Drew lived and worked for Defendants in this district.

9.    Additionally, venue is proper in this district because Defendant Vons Inc. maintains its corporate headquarters in Fullerton, California, which is part of this district.

## PARTIES

*Plaintiffs*

### *Kysha Drew*

10.    Plaintiff Kysha Drew is a resident of Irvine, California, which is part of Orange County and within the Central District of California.

11.    In or about August 2018, Ms. Drew applied to work at Vons.

12.    Shortly thereafter, Ms. Drew began working as a deli clerk.

13.     Ms. Drew completed Defendants' job application process within this district.

14.     Ms. Drew was not aware that she was signing an authorization for Vons to procure consumer reports.   Ms. Drew did not understand and/or was confused by Defendants' disclosure form.

15.     Ms. Drew worked for Vons in Huntington Beach, California, which is located within this district.

*Jeannie Jones*

16.     Plaintiff Jeannie Jones is a resident of California.

17.     In or about March 2019, Ms. Jones applied to work at Vons.

18.     Shortly thereafter, Ms. Jones began working for Vons as a deli clerk.

19.     Ms. Jones completed Defendants' job application process.

20.     Ms. Jones was not aware that she was signing an authorization for Vons to procure consumer reports.

21.     Ms. Jones did not understand and/or was confused by Defendants' disclosure form.

*Defendants*

22.     Defendant The Vons Companies, Inc. is a Michigan corporation with its headquarters located in Fullerton, California, which is located within this district.

23.     Defendant Vons Sherman Oaks, LLC is an Oregon limited liability company and is a subsidiary of The Vons Companies, Inc.

24.     According to the Oregon Secretary of State's corporate records, Defendant Vons Sherman Oaks, LLC's principal place of business is 1421 S. Manhattan Avenue in Fullerton, California, which is located within this district.

25.    Defendant Safeway Southern California, Inc. is a Delaware corporation and is the parent company of The Vons Companies, Inc.

26.    Defendant Safeway Leasing, Inc. is a Delaware corporation and is the parent company of Safeway Southern California, Inc.

27.    Defendant Safeway, Inc. is a Delaware corporation that is the parent company of Safeway Leasing, Inc. with its headquarters located in Pleasanton, California.

28.    Defendants collectively oversee the hiring process of all of their locations and requests background checks on behalf of potential Vons employees, including Plaintiffs Drew and Jones.

## **FACTS**

**I.    *Defendants' Failure To Make A Proper Disclosure In Violation Of The FCRA***

29.    Plaintiffs Drew and Jones completed Vons' standard documents relating to their anticipated employment, which included an authorization to conduct a background check.

30.    Vons' authorization causes a background check to be procured by a third-party company.

31.    Vons' employment application packet includes a "Release and Acknowledgement" section which includes a release of liability waiver.

32.    The Release and Acknowledgement section, including the liability release, immediately follows the background disclosure notice in Defendants' employment application.

33.    The inclusion of the liability release provisions in connection with the background disclosure violates the FCRA.

34.    Plaintiffs Drew and Jones completed and executed Vons' hiring documents containing the unlawful background check disclosure/authorization.

35.    Vons' documentation and authorization fails to include a clear and conspicuous disclosure, in a document consisting solely of the disclosure, that Vons would cause a consumer report to be procured.

36.    By including a release with the disclosure, Defendants willfully disregarded this regulatory guidance and violated 15 U.S.C. § 1681b(b)(2)(A)(i).

37.    As such, Plaintiffs Drew and Jones were misled as to the nature and purpose of their consent and their rights.

38.    Defendants' background check authorization disclosure contains numerous extraneous provisions.

39.    For example, Defendants' background check disclosure improperly combines disclosures for consumer reports with information regarding investigative consumer reports.

40.    As another example, the disclosure also contains extraneous information regarding investigative consumer reports under state law.

41.    Further, Defendants' employment application also contains a liability waiver that immediately follows the background disclosure notice.

42.    Instead of providing a stand-alone disclosure, Defendants' combination of information regarding consumer reports and investigative consumer reports, as well as the extraneous state law provisions and liability release, has the effect of confusing applicants, such as Plaintiffs Drew and Jones.

43.     Despite their failure to provide applicants, including Plaintiffs Drew and Jones, with the required stand-alone disclosure, Vons subsequently procured a consumer report, or caused a consumer report to be procured, on Plaintiffs and the Class.

44.     Plaintiffs Drew and Jones were not aware that they were signing an authorization for Vons to procure consumer reports.  Plaintiffs did not understand and/or were confused by Defendants' disclosure forms.

45.     Plaintiffs were deprived of their ability to meaningfully authorize Vons to procure consumer reports.

46.     By procuring consumer reports containing Plaintiffs' private information without first complying with the FCRA's disclosure requirements, Defendants violated Plaintiffs' rights to information and privacy.  *See Syed*, 853 F.3d at 499.

## II.     Facts Relating to Defendants' Willful, Systematic and Repeated FCRA Disclosure Violation

47.     Similar to how it treated Plaintiffs Drew and Jones, Vons, through the services of a third party, conducts background checks on other job applicants as part of its standard screening process.

48.     Vons relies on consumer reporting agencies to obtain this information and report it.  These reports constitute "consumer reports" for purposes of the FCRA.

49.     The application documentation completed by applicants does not contain a clear and conspicuous written disclosure to the consumer, in a document that consists solely of the disclosure, that a consumer report may be obtained by Vons for employment purposes, but Vons routinely requests and procures reports from a third party about applicants and employees in spite of this fact.

50.    Defendants' background check disclosure violates the FCRA in numerous ways, by containing extraneous information such as a combined disclosure for consumer and consumer investigative reports, extraneous information regarding investigative consumer reports under state law, and the inclusion of a liability waiver.

51.    The language of the FCRA with respect to the stand-alone disclosure requirement is clear.  *See* 15 U.S.C. § 1681b(b)(2)(A)(i).

52.    The Federal Trade Commission ("FTC") confirms that "[t]he inclusion of such a [liability] waiver in a disclosure form will violate [the FCRA], which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes."  *See* **Exhibit A**.

53.    Further, courts have routinely confirmed that the failure to include the stand-alone disclosure is a violation of the protection afforded to employees under the FCRA. *See Syed,* 853 F.3d at 496, 500 (holding the inclusion of a liability waiver on the same document as the FCRA disclosure violates the statute "in light of the clear statutory language that the disclosure document must consist 'solely' of the disclosure"); *Gilberg v. Cal. Check Cashing Stores, LLC,* 913 F.3d 1169, 1175 (9th Cir. 2019) (holding the inclusion of state specific disclosures on the same document as the FCRA disclosure violates the statute).

54.    By systematically inserting a liability release, Vons willfully violated 15 U.S.C. § 1681b(b)(2)(A).

**III.    *Defendants' Failure to Make A Proper Disclosure In Violation Of The ICRAA***

55.    Defendants are a "person" as defined by § 1786.2(a) of the Investigative Consumer Reporting Agencies Act ("ICRAA").

56.    Plaintiffs and ICRAA Class members are "consumers" within the meaning of § 1786.2(b) of the ICRAA because they are "individuals."

57.    Section 1786.2(c) of the ICRAA defines "investigative consumer report" as: "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

58.    A background checks qualifies as an investigative consumer report under the ICRAA.

59.    Section 1786.16(a)(2) of the ICRAA provides, in relevant part:

> If, at any time, an investigative consumer report is sought for employment purposes . . . the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:
>
>         *            *            *            *
>
> (B)    The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:
>
> > (i) An investigative consumer report may be obtained.
> >
> > (ii) The permissible purpose of the report is identified.
> >
> > (iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.
> >
> > (iv) Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.
> >
> > (v) Notifies the consumer in writing of the nature and scope of the investigation requested, including the provisions of Section 1786.22.

(vi) Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause (iv), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012.

(C)    The consumer has authorized in writing the procurement of the report.

60.    In evaluating Plaintiffs and other Class members for employment, Defendants procured or caused to be procured investigative consumer reports (*e.g.* background checks), as defined by Cal. Civ. Code § 1786.2(c).

61.    Because the purported disclosures are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents, they do not meet the requirements under the law.

## CLASS ACTION ALLEGATIONS

62.    Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23 ("Rule 23").

63.    The classes are defined as follows:

A.    **FCRA Class**: All of Vons' current, former, and prospective applicants for employment in the United States who were the subject of a consumer report that was procured or caused to be procured by Vons without proper disclosure, during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

B. **ICRAA Class**: All of Vons' current, former, and prospective applicants for employment in California who were the subject of a consumer report that was procured or caused to be procured by Vons without proper disclosure, during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action. Plaintiffs reserve the right to amend or modify the class definitions with greater specificity, by further division into subclasses and/or by limitation to particular issues.

64. The class action is maintainable under subsections (1), (2), (3) and (4) of Rule 23(a).

65. Numerosity is met because each Class size is believed to be over 40 members. Vons regularly has consumer reports procured by a third party in order to evaluate employees and job applicants. Further, Vons uses the information in the consumer reports to evaluate employees and job applicants. The size and scale of Vons' operations ensures that the number of members in the class will be at least in the thousands. The names and addresses of the Class members are available from Defendants' records.

66. Common issues of law and fact exist as to all members of the Classes. The Plaintiffs and the Class members were all individuals who applied to work for Vons and a background check was procured by a third party at the request of Vons. The common issues of law and fact also include the following:

- Whether Defendants procured or caused to be procured background checks on employees and job applicants;

- Whether Defendants violated the FCRA and ICRAA by causing consumer

reports to be procured without providing the proper disclosure;

- Whether Defendants' violations of the FCRA and ICRAA were willful;

- The proper measure of statutory and punitive damages; and

- The proper form of declaratory relief.

67.    These common questions of law and fact predominate over any questions affecting only individual members.

68.    Plaintiffs' claims are typical of the claims of other members of the Class because the FCRA and ICRAA violations suffered by Plaintiffs Drew and Jones are typical of those suffered by other Class members, and Defendants treated Plaintiffs Drew and Jones consistent with other Class members in accordance with their standard policies and procedures.

69.    Plaintiffs Drew and Jones are able to fairly and adequately represent the interests of the Class and have no interest antagonistic to the Class.

70.    Class Counsel, Thomas & Solomon LLP is qualified and able to litigate the Plaintiffs' and Class members' claims.

71.    Class Counsel is well experienced in both employment and class action cases.

72.    This class action is also maintainable under subsection (3) of Rule 23(b) because questions of law or fact common to Class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy

73.    Alternatively, the questions of law and fact common to the class may be certified for class action treatment separately from any questions affecting only individual members under Rule 23(c)(4) because resolution of those common questions will

significantly advance the litigation.

## FIRST CAUSE OF ACTION

### *Defendants Violated the FCRA by Causing Consumer Reports to be Procured Without First Making a Proper Disclosure*
### 15 U.S.C. § 1681b(b)(2)(A)(i)
### (On behalf of Plaintiffs individually and the Class)

74.    Plaintiffs Drew and Jones hereby re-allege and incorporate the allegations set forth above.

75.    Defendants violated the FCRA by procuring or causing consumer reports to be procured on Plaintiffs Drew and Jones and other Class members without providing a clear and conspicuous disclosure in a document consisting solely of the disclosure.  *See* 15 U.S.C. § 1681b(b)(2)(A)(i).

76.    Defendants' conduct in violation of §1681(b)(2)(A) of the FCRA was and is willful.

77.    Defendants' willful conduct is reflected by the above paragraphs as well as the following:

    a.    Vons is a large corporation with access to legal advice;

    b.    Vons was founded before the FCRA was enacted in 1970 and they have therefore had more than 40 years to become compliant;

    c.    Defendants' conduct is inconsistent with the Federal Trade Commission's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute.  *See* Exhibit A; *see also Syed*, 853 F.3d at 500–01; *Gilberg*, 913 F.3d at 1175–76.

    d.    Despite the plain statutory text and there being a depth of guidance, Defendants adopted a policy of having consumer reports procured on

their employees and job applicants without properly disclosing to them that the reports will be procured on them.

78.     Plaintiffs Drew and Jones, and Class members are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

79.     Plaintiffs Drew and Jones, and Class members are entitled to punitive damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

80.     Plaintiffs Drew and Jones, and Class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## SECOND CAUSE OF ACTION

### *Defendants Failed to Make Proper Disclosures Under the ICRAA*
### Cal. Civ. Code § 1786 *et seq.*
### (On behalf of Plaintiffs individually and the Class)

81.     Plaintiffs Drew and Jones hereby re-allege and incorporate the allegations set forth above.

82.     Under the ICRAA, it is unlawful to procure or cause to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. Cal. Civ. Code § 1786.16(a)(2)(B)-(C). The inclusion of the release and other extraneous information, therefore, violates § 1786.16(a)(2)(B) of the ICRAA.

83.     The plain language of the statute clearly indicates that the inclusion of extraneous information or a liability release in a disclosure form violates the disclosure

and authorization requirements of the ICRAA, because such a form would not consist "solely" of the disclosure.

84.    As alleged above with respect to the FCRA, Vons' violation of the ICRAA was and is willful.  Vons is a large corporation with access to legal advice, and the application included a purported authorization to perform investigative consumer reports which evidences Vons' awareness of and willful failure to follow the governing laws.

85.    Alternatively, Vons' violation of the ICRAA was grossly negligent or negligent.

86.    Defendants' conduct in violation of § 1786.16(a)(2)(B) of the ICRAA was and is willful and/or grossly negligent.

87.    Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiffs and Class members.

88.    As a result of Vons' illegal procurement of background reports by way of their inadequate disclosures, as set forth above, Plaintiffs and Class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

89.    Plaintiffs, on behalf of themselves and all Class members, seek all available remedies pursuant to Cal. Civ. Code § 1786.50, including statutory damages and/or actual damages, punitive damages, and attorneys' fees and costs.

90.    In the alternative to Plaintiffs' allegation that these violations were willful or grossly negligent, Plaintiffs allege that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code § 1786.50(a), including actual damages and attorneys' fees and costs.

**WHEREFORE,** Plaintiffs Drew and Jones, on behalf of themselves and the Class, pray for relief as follows:

(a)  Determining that this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure;

(b)  Designating Drew and Jones as class representatives;

(c)  Awarding class representatives Drew and Jones service payments;

(d)  Designating Thomas & Solomon LLP as Plaintiffs' Class Counsel;

(e)  Declaring that Defendants violated the FCRA and ICRAA;

(f)  Issuing proper notice of the class at Defendants' expense;

(g)  Declaring that Defendants acted willfully in deliberate or reckless disregard of Plaintiffs' rights and Defendants' obligations under the FCRA and ICRAA;

(h)  Awarding statutory and punitive damages as provided by the FCRA and ICRAA;

(i)  Awarding actual and punitive damages as provided by the ICRAA, and, in the event that the case is not certified as a class action, statutory damages provided by the ICRAA;

(j)  Awarding reasonable attorneys' fees and costs as provided by the FCRA and ICRAA;

(k)  Such other and further legal or equitable relief as this Court deems to be just and appropriate.

## JURY DEMAND

Plaintiffs demand a jury to hear and decide all issues of fact in accordance with Federal Rule of Civil Procedure 38(b).

1

2   Dated:  February 20, 2020

3                                                    /s/ Adam B. Wolf

4                                                    Adam B. Wolf, Esq.
                                                     **PEIFFER WOLF CARR & KANE**
5                                                    A Professional Law Corporation
                                                     5042 Wilshire Blvd., No. 304
6                                                    San Francisco, CA  90036
                                                     Telephone: (415) 766-3545
7                                                    awolf@pwcklegal.com

8                                                    **THOMAS & SOLOMON LLP**
                                                     J. Nelson Thomas, Esq. (to be admitted
9                                                    *pro hac vice*)
                                                     Michael J. Lingle, Esq. (to be admitted
10                                                   *pro hac vice*)
                                                     Jessica L. Lukasiewicz, Esq. (to be
11                                                   admitted *pro hac vice*)
                                                     Jonathan W. Ferris, Esq. (to be admitted
12                                                   *pro hac vice*)
                                                     693 East Ave.
13                                                   Rochester, NY 14607

14                                                   Telephone: (585) 272-0540

15                                                   nthomas@theemploymentattorneys.com
                                                     mlingle@theemploymentattorneys.com
16                                                   jlukasiewicz@theemploymentattorneys.com
17                                                   jferris@theemploymentattorneys.com

18
                                                      *Attorneys for Plaintiffs*
19

20

21

22

23

24

25

26

27

28